PEOPLE ex rel. TROY GAS CO. v. HALL et al.

(Supreme Court, Appellate Division, Third Department. March 8, 1911.)

1. TAXATION (§ 299*) — ASSESSMENT — MUNICIPAL CORPORATIONS — SPECIAL FRANCHISES.

Tax Law (Consol. Laws, 1909, c. 60) § 40, requires the assessors of each town, in which a pipe line company is assessed upon property in more than one school district, to apportion the valuation thereof among them. Section 43 provides that the State Board of Tax Commissioners shall fix the value of each special franchise subject to assessment in each city, town, or tax district, and for the apportionment of the valuation of the franchise where a part of it is in a village and part in a town, or in a village in more than one tax district, and that the town assessors shall make an apportionment among school districts as required by section 40. Laws 1898, c. 182, establishing the form of government for cities of the second class, provides, by section 261, that city assessors shall possess all the powers conferred on the assessors in the towns of the state, or cities affected by the act. *Held*, that the city of Troy, being a city of the second class and containing two school districts, the assessors of that city had the power to apportion among the different school districts therein a special franchise valuation in 1907, as fixed by the state board of tax commissioners.

[Ed. Note.—For other cases, see Taxation, Dec. Dig. § 299.*]

2. TAXATION (§ 299*) — ASSESSMENT — MUNICIPAL CORPORATIONS — SPECIAL FRANCHISES—FILING CERTIFICATE.

Where city assessors have judicially determined the apportionment of values and placed them in the assessment rolls of two school districts, under Tax Law (Consol. Laws, 1909, c. 60) §§ 40, 43, which rolls have been signed by them and filed in the city clerk's office, the time within which they may file them is directory, and, if not conformable to the requirements under said sections, a proper certificate can be subsequently filed.

[Ed. Note.—For other cases, see Taxation, Dec. Dig. § 299.*]

Houghton, J., dissenting.

Appeal from Special Term, Rensselaer County.

Certiorari by the People, on the relation of the Troy Gas Company, to review an assessment by the State Board of Tax Commissioners. From an order of the Special Term, declaring the assessment void and directing that it be canceled, the City of Troy appeals. Reversed, and writ quashed.

In 1907 the State Board of Tax Commissioners assessed the special franchise of the relator in the city of Troy for the year 1907 at $640,500, and certified the same to the proper officers of the city of Troy. The relator appeared before the State Board and filed objections, to wit: That the property was overvalued and was unequally assessed. The State Board overruled the objections and certified the assessment as originally made to the city clerk of the city of Troy, who in turn delivered the same to the local assessors

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

of the city of Troy. The local assessors thereupon entered in the assessment rolls of the Third ward of the city of Troy an assessment of the relator to the amount of $600,000, and in the Seventeenth ward of the city of Troy an assessment to the amount of $40,500. The relator made no complaint to the local assessors and did not appear before the board.

In 1900 the village of Lansingburgh was annexed to the city of Troy and became a part thereof by chapter 665 of the Laws of 1900. By the act enlarging the city to include the village of Lansingburgh it was provided that the territory within the old village of Lansingburgh thus annexed to the city of Troy should constitute a separate Union Free School District. So that within the enlarged city there were two school districts, one comprising the territory of the old city of Troy and the other the territory of the old village of Lansingburgh. The Third ward is a part of the old city of Troy. The Seventeenth ward is a part of the old village of Lansingburgh. Thereafter certiorari proceedings were commenced against the State Board of Tax Commissioners to review the said assessment for inequality, and also to declare the assessment illegal because of this apportionment by the assessors of the enlarged city of Troy between the different school districts in said city. The referee to whom the matter was referred held against the relator upon the question of inequality, and also held that the whole assessment was void because the apportionment between the different school districts should have been made by the State Board of Tax Commissioners and not by the assessors of the city of Troy. This conclusion of the referee was affirmed by the Special Term, which declared the assessment void, and directed that it be canceled, and from the final order entered upon such decision this appeal is taken by the city of Troy, which has been duly made a party to the proceeding by order of the court.

Argued before SMITH, P. J., and KELLOGG, SEWELL, and HOUGHTON, JJ.

G. B. Wellington, for appellant.
H. D. Bailey, for respondent.

SMITH, P. J. The referee and the Special Term properly held that the relator did not show inequality in the assessment of its special franchise. The sole question, therefore, remaining for discussion, is whether the assessment has been rendered void by the apportionment made between the different school districts of the city by the city assessors.

By section 40 of the tax law (Consol. Laws 1909, c. 60) the assessors of each town in which a railroad, telegraph, telephone, or pipe line company is assessed upon property lying in more than one school district therein is required to apportion the assessed valuation of the property of each of such corporations among such school districts. By section 43 of said law it is provided that the State Board of Tax Commissioners shall fix and determine the value of each special franchise subject to assessment in each city, town, or tax district. Provision is then made for the apportionment of the valuation of the franchise where a part of such franchise is in a village and part in a town and also where the franchise is located in a village which is situated in more than one tax district. The section further provides:

"The town assessors shall make an apportionment among school districts at the time and in the manner required by section 40 of this chapter."

So that, if the property of the relator had been in a town in which were two school districts, there is no question as to the authority of the town assessors to apportion the value of that franchise between

the two school districts.  By section 261 of the "White" charter (chapter 182 of the Laws of 1898), which was in force in 1907, it was provided that city assessors "shall possess all the powers conferred, be subject to all the obligations imposed and perform all the duties appertaining to the office of assessor in the towns of the state or the office of assessor in any of the cities affected by this act, at the time when the same shall take effect."  This provision of law was applicable to the city of Troy, and gave to the assessors of the city of Troy the power and the duty to apportion among the different school districts in said city the special franchise valuation as made by the State Board of Tax Commissioners.

It is claimed, however, that the local assessors have not conformed to the requirements of section 40, as made applicable by section 43 of said law, and have not filed with the city clerk the proper certificate.  The assessors have judicially determined the apportionment of values, have placed them in the assessment rolls of the two school districts, which rolls have been signed by them, and which rolls have been filed in the city clerk's office.  The time within which the certificate may be filed with the city clerk is directory, and if necessary such certificate can now be filed so as to conform to the letter of the statute.

The order declaring the assessment void should therefore be reversed on law and facts, with costs, and the writ quashed, with $50 costs and disbursements.

Final order reversed on law and facts, with costs, and writ quashed, with $50 costs and disbursements.  All concur, except HOUGHTON, J., dissenting.